# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

KIM MARX,

    Plaintiff,

v.                                    Case No. 3:16-cv-462-J-32MCR

BAKER COUNTY MEDICAL
SERVICES, INC. and DENNIS
MARKOS,

    Defendants.

## **O R D E R**

On September 5, 2018, the Court granted Defendants Baker County Medical Services, Inc. and Dennis Markos's motion for summary judgment. (Doc. 41). Judgment was entered on September 6, 2018. (Doc. 42). Plaintiff Kim Marx did not file an appeal. This case is before the Court on Defendants' motion for taxation of costs (Doc. 43) and motion for attorney fees (Doc. 44), to which Plaintiff filed responses (Docs. 45, 46).

## I.    MOTION FOR ATTORNEY'S FEES

Defendants seek attorney's fees under ERISA's fee-shifting provision, which provides that "the court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g)(1). The

Eleventh Circuit directs courts to consider five factors in deciding a motion for attorneys' fees:

> (1) the degree of the opposing parties' culpability or bad faith; (2) the ability of the opposing parties to satisfy an award of attorney's fees; (3) whether an award of attorney's fees against the opposing parties would deter other persons acting under similar circumstances; (4) whether the parties requesting attorney's fees sought to benefit all participants and beneficiaries of an ERISA plan or to resolve a significant legal question regarding ERISA itself; (5) the relative merits of the parties' positions.

Freeman v. Cont'l Ins. Co., 996 F.2d 1116, 1119 (11th Cir. 1993). Regarding the first factor, the Court finds that, although Plaintiff lost his case, he did not litigate in bad faith, nor did he display culpable conduct in bringing these claims. Thus, this factor is neutral or weighs against an award of fees. Plaintiff has submitted an affidavit showing that he is unable to pay an award of attorney's fees (Doc. 45-1), and the second factor therefore weighs in his favor. The third factor, too, weighs in Plaintiff's favor, for courts have found "deterrence . . . more obviously relevant when a plaintiff seeks fees after a defendant is found to have violated ERISA." Griffin v. Habitat for Humanity Int'l, Inc., 157 F. Supp. 3d 1259, 1264 (N.D. Ga. 2016). Here, Defendants seek fees, and the Court finds there is no need to deter other plaintiffs from filing ERISA actions with a good faith basis. Defendants raised no arguments regarding the fourth factor, and Plaintiff states it is inapplicable. (Doc. 46 at 8).

Thus, the Court finds it is neutral. Finally, as Defendants prevailed on summary judgment, the fifth factor weighs in their favor. However, given the foregoing, the Court finds that on balance, the record militates against an award of attorney's fees in this case, and that Defendants' motion is therefore due to be denied.

**II.    MOTION TO TAX COSTS**

Defendants seek $17,304.95 in costs. (Doc. 43-1). Federal Rule of Civil Procedure 54(d)(1) states in part, "[u]nless a federal statute, these rules, or a court provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). A "prevailing party" is the party in whose favor judgment is rendered by the Court. See Util Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc., 298 F.3d 1238, 1248 (11th Cir. 2002). Here, Defendants are undisputedly the prevailing party.

"Section 1920 enumerates expenses that a federal court may tax as a cost under the discretionary authority found in Rule 54(d)." Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 441-442 (1987). This statute provides in part,

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;

3

> (4) Fees for exemplification and the costs of making of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under section 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920. "[T]he prevailing party has the burden of establishing that the expenses sought to be taxed as costs meet the proof of necessity and reasonableness under 28 U.S.C. § 1920." Beck v. Boce Grp., L.C., No. 04-20683-CIV, 2006 WL 6830457, at *4 (S.D. Fla. Sept. 15, 2006), report and recommendation adopted Beck v. Boce GroupL, L.C., No. 04-CIV-20683, 2006 WL 6830632 (S.D. Fla. Nov. 1, 2006). The Court has carefully considered Defendants' motion to tax costs (Doc. 43) and Plaintiff's response in opposition (Doc. 45). While the Court will not address each of Plaintiff's objections, it has considered them and makes the following findings.

"Pursuant to §§ 1920(1) and 1921, courts are authorized to tax private process servers' fees as costs, provided that their rates do not exceed the cost of having the U.S. Marshal's service effectuate service." Butler v. Wright, No. 806CV165T17TBM, 2010 WL 599387, at *6 (M.D. Fla. Feb. 16, 2010) (citing EEOC v. W & O, Inc., 213 F.3d 600, 623-24 (11th Cir. 2000)). Defendants state that the costs and fees incurred for service of process relate to subpoenas to a third party employer and Plaintiff's medical providers, as well as for depositions

4

of witnesses listed in Plaintiff's Rule 26, Fed. R. Civ. P., disclosures. (Doc. 43-2 at 7). Further, Defendants state that they required documents surrounding Plaintiff's allegation that his knee surgery was imminently necessary, and information related to the medical treatment and care obtained by Plaintiff and his wife as participants in the plan. (Id.). Finally, Defendants state that Plaintiff's subsequent employment records were needed on the issue of mitigation. The Court finds that the costs associated with service of process were necessary and will be granted.[1]

Regarding costs for deposition transcripts, Defendants have only cursorily supported the motion as to the necessity or reasonableness of their deposition costs. Attorney Carter's generic statement that the deposition transcripts were filed with the court as record evidence related to the motion for summary judgment does not explain why individual depositions were necessary. (Doc. 43-2 at 8). Thus, based on its knowledge of the case, the Court will deny the transcript and reporter fees associated with the depositions of Dr. Sorresso, Dr. Jansen, and Dr. Hanai, (Doc. 43-2 at 34); Maria Allen, (Doc. 43-2

---

[1] Although Plaintiff objects to the "rush fees" on various service invoices, they cost no more than the U.S. Marshal's $65 fee. 28 C.F.R. § 0.114. None of the service fees exceed $65.

Plaintiff also objects to the service fees for Dr. Longnecker and Kim Bell because their depositions were not taken. (Doc. 45 at 13-14). However, Plaintiff cites no authority for the proposition that Defendants are not entitled to the fee simply because they decided not to take those individuals' depositions.

5

at 38); Lisa Ann Brower (Doc. 43-2 at 39); and Dianna Dugger (Doc. 43-2 at 40) as unnecessary. In addition, "[i]t is well settled that costs for 'shipping and handling' or postage costs are not recoverable expenses under § 1920." Kobie v. Fithian, No. 2:12-CV-98-FTM-29DNF, 2014 WL 2215752, at *2 (M.D. Fla. May 28, 2014). Therefore, the Court will reduce the requested costs related to deposition transcripts by $1,770.70 and postage by $47.50. The costs associated with the remaining depositions are granted.[2]

"Copies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the Court's consideration are recoverable." Luka v. City of Orlando, No. 6:07-CV-841-ORL-22, 2011 WL 4837263, at *10 (M.D. Fla. Sept. 23, 2011) (internal quotation marks omitted), report and recommendation adopted, No. 6:07-CV-841-ORL-22, 2011 WL 4836229 (M.D. Fla. Oct. 12, 2011); see also EEOC, 213 F.3d at 623 (copies attributable to discovery are recoverable under § 1920(4). Defendants state that the costs for copies related to two categories of information:

> (1) the preparation, converting, and numbering of discovery documents produced in response to Plaintiff's discovery request and particularly Plaintiff's First,

---

[2] Plaintiff requests that the Court decline to tax electronic copies, but a review of the invoices appears to show that there were not separate charges for electronic versions of the deposition transcripts. Plaintiff did not point to a specific deposition in which electronic copies were charged and to which he objects. (Doc. 45 at 6).

6

> Second, Third and Fourth Request for Production to BCMS. These discovery requests included broad categories of requested documents including all emails that contained Plaintiff's name. Approximately 44,246 documents were produced to Plaintiff in this case responsive to and in compliance with these broad and voluminous discovery requests . . .; (2) the reproduction costs of obtaining the employment and medical records that were subpoenaed.

(Doc. 43-2 at 8). Defendants' records show that the bulk of the copying costs relate to their response to Plaintiff's discovery requests and are recoverable. The remainder are associated with Defendants' investigation into Plaintiff and his wife's medical records, as the treatment and care they obtained under the plan was relevant to refuting Plaintiff's pretext argument on summary judgment.

Plaintiff broadly objects to Defendants' request for copying costs. (Doc. 45 at 9-13). However, the Court finds that Defendants' copies were necessarily obtained for use in the case. While Plaintiff refers to Defendants' requests for medical records as a "fishing expedition," (Doc. 45 at 10), the Court disagrees, as Defendants used this information to show that Plaintiff and his wife submitted numerous claims under the plan during Plaintiff's employment with BCMS, all of which were covered by insurance without objection from Defendants. This evidence supported Defendants' argument that Plaintiff was terminated for performance-related reasons, as opposed to his request for knee surgery.

Courts may tax witness fees under § 1920(3). As the Court finds that Dr. Sorresso, Dr. Jansen, and Dr. Hanai's depositions were not necessary, it will decline to award witness fees associated with those three individuals. The costs will therefore be reduced by $142.37. The remaining witness fees will be granted.

Finally, "a non-prevailing party's financial status is a factor that a district court may, but need not, consider in its award of costs pursuant to Rule 54(d)." Chapman v. AI Transp., 229 F.3d 1012, 1039 (11th Cir. 2000). "If a district court in determining the amount of costs to award chooses to consider the non-prevailing party's financial status, it should require substantial documentation of a true inability to pay." Id. "If the court considers a party's financial status, it 'may not decline to award any costs at all.'" Jessup v. Miami-Dade Cty., No. 08-21571-CIV, 2011 WL 294417, at *1 (S.D. Fla. Jan. 27, 2011) (quoting Jenner v. Bank of Am. Corp., 304 F. App'x 857, 860 (11th Cir. 2009)).

Here, Plaintiff has provided an affidavit demonstrating that he resigned his position as Respiratory Supervisor at Promise Hospital in October 2017 due to severe knee pain and problems with his neck. (Doc. 45-1). He and his wife are living on Social Security Income disbursements which total $2,622 per month. While Plaintiff is not completely indigent, he states that he cannot pay court costs. Plaintiff has identified significant monthly expenses, limited savings, ongoing health issues related to his knees, anxiety, and depression, ongoing

health issues related to his wife's mental health, and medical bills related to a fainting spell he suffered in June 2018 as reasons he will be unable to pay Defendants' costs. Upon careful consideration of Eleventh Circuit case law identifying relevant factors in determining whether to reduce a cost award, and in light of the information in Plaintiff's affidavit demonstrating his inability to pay a hefty cost award, the Court concludes that a reduction of 50% of Defendants' reasonable costs is appropriate. See Jessup, 2011 WL 294417, at *2 (reducing Defendants' reasonable costs by 45%, resulting in a total award of $20,252.89).

In sum, Defendants requested costs of $17,304.95. The Court reduced that request by $1,960.57 ($1770.70 in deposition fees; $47.50 in postage; and $142.37 in witness/mileage fees). Thus, Defendants' reasonable costs are $15,344.38. The Court reduces that award by 50% based on Plaintiff's financial status, for a total cost award of $7,672.19.

Accordingly, it is hereby

**ORDERED:**

1. Defendants' Motion For An Award of Attorney's Fees and Non-Taxable Costs (Doc. 44) is **DENIED**.

2. Defendants' Motion to Tax Costs (Doc. 43) is **GRANTED in part and DENIED** in part as set forth above.

3. The Clerk shall tax costs for Defendants and against Plaintiff in the amount of **$7,672.19**.

4. **DONE AND ORDERED** in Jacksonville, Florida the 21st day of November, 2018.

*[signature]*

TIMOTHY J. CORRIGAN
United States District Judge

sj
Copies:

Counsel of record